

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# Jana v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3829

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jana v. Atty Gen USA" (2006). *2006 Decisions.* Paper 51.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/51

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3829
_____

Johan Jana,

Petitioner

v.

Attorney General of the United States,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A95 433 947)
Immigration Judge: Donald V. Ferlise

_____

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2006

Before: SLOVITER, CHAGARES, and NYGAARD, Circuit Judges.

(Filed December 21, 2006)
_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

Johan Jana, a native and citizen of Indonesia, was admitted to the United States on October 28, 2000. Jana overstayed his temporary visa, and the Immigration and Naturalization Service brought removal proceedings against him on September 27, 2002.

During the proceedings, Jana conceded removability, but requested withholding of removal pursuant to 8 U.S.C. §1231 and protection from removal pursuant to the Convention Against Torture (CAT) and its implementing regulations. Jana claimed that, should he return to Indonesia, native, Muslim Indonesians would persecute him because of his Chinese ancestry and Christian religious beliefs. Jana presented documentary evidence and testified that, in 1998, Muslim rioters threw stones at him, threatened to burn him alive and chased him through the streets. He also asserted that he and his father witnessed Muslim rioters burn area churches. In response, the Government presented various State Department reports revealing improved treatment of ethnic and religious minorities in Indonesia.

The Immigration Judge found Jana credible, but concluded his asylum application was untimely and that his fears of persecution were no longer well-founded. The Immigration Judge denied Jana's requests for relief and ordered him removed. The BIA affirmed the IJ's findings and dismissed Jana's appeal. Jana filed a timely petition for review with this Court. For the reasons that follow, we will deny review.

2

## II.

### A.

An alien may still apply for asylum beyond the one-year filing deadline if he demonstrates, "to the satisfaction of the Attorney General," 1) changed circumstances which materially affect his eligibility; or 2) extraordinary circumstances relating to his delay in filing. 8 U.S.C.A. §1158(a)(2)(D) (2006).

Before the IJ, Jana indicated he no longer wished to pursue his application for asylum, and did not claim changed or extraordinary circumstances excused his failure to meet the one-year deadline. Regardless, the IJ and BIA determined Jana's application for asylum was untimely. We lack jurisdiction to review that determination. 8 U.S.C.A. §1158(a)(3) (2006); *Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006).

### B.

The Attorney General may not remove an alien if he decides the alien's life or freedom would be threatened in the country of deportation because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C.A. §1231(b)(3)(A) (2006). To obtain relief under this section, Jana must demonstrate there is a clear probability his life or freedom would be threatened in Indonesia. *Zubeda v. Ashcroft*, 333 F.3d 463, 470 (3d Cir. 2003).

We will affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Zhang v. Gonzales*, 405 F.3d

3

150, 155 (3d Cir. 2005). Substantial evidence supports the determinations made by the IJ and BIA. The State Department's International Religious Freedom Report for 2003 indicates the Indonesian government has reduced violence against religious minorities, and effectively promotes reconciliation between Muslims and Christians. The State Department Country Report on Indonesia's human rights practices indicates that although ethnic Chinese remain subject to instances of discrimination, the central government is responsive to their complaints. The Report does not indicate ethnic Chinese remain vulnerable to the sort of violence which plagued the country in 1998.

## C.

Jana also seeks relief from removal under the Convention Against Torture and its implementing regulations. To obtain CAT relief, Jana must demonstrate it is "more likely than not" he would be tortured if removed to Indonesia. 8 C.F.R. §208.16(c)(2) (2006); *Tarrawally v. Ashcroft*, 338 F.3d 180, 187 (3d Cir. 2004). The alleged torture must be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §208.18(a)(1) (2006). In reviewing such allegations, we consider "evidence of gross, flagrant or mass violations of human rights" and "[o]ther relevant information regarding conditions" in Indonesia. 8 C.F.R. §208.16(c)(3) (2006).

The Government presented substantial evidence that Indonesia has made significant improvements in its treatment of ethnic and religious minorities in recent

4

years. Jana presented no evidence to contradict the State Department reports, and failed to present any evidence the Indonesian authorities remain engaged in, or acquiescent to, torture of Chinese Christians. The BIA properly concluded Jana was not entitled to CAT relief.

## III.

We lack jurisdiction to review the BIA's determination that Jana's asylum application was untimely and we will therefore dismiss that portion of his petition. We will deny the remainder of his petition for review.